J-A25032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                                         :
              v.                         :
                                         :
                                         :
NELSON LUGO,                       :
                                         :
             Appellant.          :      No. 396 EDA 2018

Appeal from the PCRA Order, January 5, 2018,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0002638-2004.

BEFORE: PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 16, 2019**

Nelson Lugo appeals from the order denying his seventh petition for relief filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. After careful review, we affirm.

The PCRA court summarized the procedural history relevant to the instant appeal as follows:

> [Lugo] pled guilty to one count of Possession with Intent to Deliver a Controlled Substance, two counts of Delivery of a Controlled Substance, and one count of Corrupt Organizations. On direct appeal, the Superior Court affirmed [Lugo's] conviction and his judgment of sentence became final on June 25, 2007. [Lugo's] first PCRA petition was filed on October 29, 2007 and, after a hearing on the merits, was dismissed on February 29, 2008. [Lugo] filed a second PCRA petition on April 21, 2009, and it was dismissed on May 21, 2009.
>
> [Lugo] filed a third PCRA petition on May 3, 2010. On May 19, 2011, the Superior Court affirmed the PCRA court's dismissal of the petition as untimely, i.e. the petition was not filed within one year of the judgment becoming final and

did not properly invoke any of the enumerated exceptions to the one-year limitation. In the petition, [Lugo] raised the issue of newly discovered evidence. He presented for the court's review a sworn affidavit by Geraldo Colon in which Colon recants a number of statements he allegedly made to law enforcement prior to [Lugo's] arrest. Upon review, the [Superior Court] determined that the record belied [Lugo's] claim and that [Lugo] was aware in 2008 of the existence of the facts contained in Colon's 2010 affidavit.

While the third petition was pending, [Lugo] filed a fourth PCRA petition. On February 1, 2011, this fourth petition was dismissed. On April 9, 2014, [Lugo] then filed a fifth PCRA petition. The petition was dismissed by order of September 26, 2015. [Lugo] appealed the decision to dismiss the fifth petition. On July 9, 2015, the Superior Court affirmed and, on December 29, 2015, the Pennsylvania Supreme Court also affirmed.

On July 30, 2016, [Lugo] filed a sixth PCRA petition which was denied. [Lugo] appealed, but subsequently was granted leave to withdraw the appeal due to the Pennsylvania's Supreme Court's determination that the case law holding mandatory minimum sentences unconstitutional was not retroactive to collateral review.

The instant petition was filed on November 17, 2017, which was within sixty days of the Superior Court's October 4, 2017 order granting leave to withdraw the appeal.

PCRA Court Opinion, 1/28/18, at 2-3.

Following proper notice, the PCRA court dismissed Lugo's petition as untimely on January 5, 2018. The court did not hold an evidentiary hearing. Lugo filed a notice of appeal on January 29, 2018. Both Lugo and the PCRA court have complied with Pa.R.A.P. 1925.

Lugo presents two questions for our review:

1. Whether the PCRA court erred in ruling that the PCRA petition was not timely when [Lugo] was entitled to the

timeliness exception for knowing use of perjured testimony and governmental interference?

2. Whether the PCRA court erred in finding that [Lugo] did not make out a prima facie showing that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred or that he is innocent of the crimes charged?

We first determine whether the PCRA court correctly concluded that Lugo's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the PCRA court's conclusion is supported by the evidence of record and is free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] 42 Pa.C.S.A. § 9545. A PCRA petition

---

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90, 93 (Pa. Super. 2016).

Because he did not seek further review following the denial of his petition for allowance of appeal by our Supreme Court on March 27, 2007, Lugo's judgment of sentence became final on June 25, 2007, when the ninety-day time period for filing a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 95454(b)(3). Thus, Lugo had until June 25, 2008, to file a timely PCRA petition. As Lugo filed the instant petition in 2017, it is patently untimely unless he satisfies his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez, supra**.

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Although Lugo's petition is untimely, he asserts that he meets two exceptions to the PCRA timeliness requirement, set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(i) and (ii). Lugo argues during his brother/codefendant's resentencing hearing, new facts were revealed to him through recantation testimony. Geraldo Colon testified during the resentencing that he was "coached" by police to lie and exaggerate during the trial of Lugo's brother/codefendant, Oscar. Lugo contends that he had known that Colon would lie during Oscar's trial, but he did not know until the resentencing that the police were allegedly involved in facilitating these lies.

In support of his contention that his PCRA meets the timeliness requirement exceptions for government interference and newly discovered facts, Lugo argues:

> On July 17, 2017, Geraldo Colon testified about the behavior of Troopers Cruz and Lohman. His testimony corroborated the recantation testimony of Luis Colon at Oscar Lugo's PCRA hearing wherein Luis Colon testified that the assistant district attorney, Lohman and Cruz coached, invented and coerced false testimony. Nelson Lugo's 7th PCRA petition was filed within 60 days of October 4, 2017, the date on which this Court granted leave to withdraw his appeal in **Commonwealth v. Lugo**, 252 EDA 2017. Mr. Lugo could not file the 7th PCRA petition while the 6th PCRA petition was pending.
>
> The instant petition is based on new information developed at Oscar Lugo's PCRA hearing and at Oscar Lugo's resentencing.
>
> Until those hearings were held, Nelson Lugo had no reason to believe that the Government induced Luis Colon and Felix Reyes to commit perjury. [Lugo] assumed the witnesses would lie but he did not assume the Government would sponsor the lies.

Lugo's Brief at 16.

As such, Lugo's petition hinges on the testimony that took place during his codefendant's PCRA proceedings and resentencing hearing. Lugo embraces the recantation testimony of these witnesses as if the courts presiding over his brother's hearings accepted such testimony as unquestioned truth. Lugo never addresses the fact that these courts deemed that the recantation testimony lacked credibility, and, instead, accepted the witnesses' original testimony as factual. Lugo now argues that the recantation testimony, which was already found to be incredible, should be the grounds for his PCRA relief. We disagree.

Although reviewing Pennsylvania courts have granted new trials and evidentiary hearings when a PCRA petition presented recantation testimony, they have done so when the recantation was found to be credible or when there was no credibility determination of the newly discovered facts. *See Commonwealth v. D'Amato*, 856 A.2d 806 (Pa. 2004); *see also Commonwealth v. Medina*, 92 A.3d 1210 (Pa. Super. 2014).

Our Supreme Court has stated the following in regards to recantation evidence:

> We have held that, as a general matter, after-discovered evidence of this nature is notoriously unreliable, particularly where the witness claims to have committed perjury, and that post-verdict accomplice testimony must be viewed with a jaundiced eye. We have also said, however, even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. In *Commonwealth v. Williams*, 732 A.2d 1167

(Pa. 2004), we were faced with the PCRA court's failure to make any independent determination as to the believability of the recanting person, where the PCRA court adopted the Commonwealth's argument on the matter wholesale. We remanded for a hearing at which the subject could be heard, noting that the PCRA court as fact finder is the appropriate entity to assess the credibility of the prospective testimony as reflected in the post-trial declaration. In **D'Amato**, the PCRA court did not mention the recantation in its opinion. We reiterated that the PCRA court, by failing to address the recantation in its opinion, had defaulted in its duty to assess the credibility of that statement and its significance in light of the trial record, and therefore remanded for the limited purpose of making such determination.

**Commonwealth v. Washington**, 927 A.2d 586, 597 (Pa. 2007) (citations and quotations omitted).

In its opinion dismissing Lugo's petition, the PCRA court discussed Colon's recantation, and considered the evidence presented by Lugo. The PCRA court did not merely adopt the Commonwealth's version of events, but instead, scrutinized the evidence of record, and noted that all of the evidence that Lugo relied on in support of his seventh PCRA petition, had at some point previously been found not credible by other courts.

Here, the PCRA court, unlike those in **Williams** and **D'Amato**, analyzed Colon's statements and noted that Lugo "[conveniently] came forward with his claims after the expiration of his probation in 2013 (during which he was required to cooperate with the Commonwealth) and now faces no repercussions for such claims." Trial Court Opinion, 2/28/18, at 7-8. Further, the trial court recognized that Lugo presented no additional evidence that would bring into question the resentencing court's credibility assessment of

- 7 -

Colon's recantation testimony. The PCRA court concluded that the evidence presented was not persuasive and found Colon's testimony was not credible. Thus, the PCRA court, as fact-finder, assessed the credibility of Colon's recantation testimony and its significance in light of the history of the record, and properly denied Lugo relief.

In sum, Lugo has not established his claim falls within either the newly-discovered evidence exception or the governmental interference exception to the PCRA's timeliness requirements. Therefore, the PCRA court correctly concluded that it lacked jurisdiction to consider the merits of the untimely petition. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judge Panella concurs in the result.

Judge Dubow concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/19